IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-60 |
| | ) | (VARLAN/SHIRLEY) |
| EMMANUEL J. MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 19, 2008 for a pretrial conference. Assistant United States Attorney David P. Lewen appeared on behalf of the government. Attorney Paula Voss was present for the defendant, who was also present.

Ms. Voss made an oral motion for additional time to file a suppression motion and to continue the August 28, 2008 trial date. She stated that her investigation of the case revealed good reason to file a motion to suppress but that she had not been able to file it before the motion-filing deadline. She noted that the defendant was in compliance with his conditions of pretrial release and that he was amenable to a continuance of the trial. The government had no objection to the motion to continue the trial or the late-filing of a suppression motion. The Court addressed the defendant, who stated that he understood his right to a speedy trial, he had discussed the matter with Ms. Voss, and he wanted the requested continuance.

The Court agrees with the need for a continuance of the trial, finding that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching August 28, 2008 trial date, the Court finds that the failure to grant a continuance would deprive the defendant of time to pursue the suppression issue and to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). Once Ms. Voss files the suppression motion and the government files its response, the Court will need time to conduct a hearing on the motion and time, not to exceed thirty days, to rule upon it. See 18 U.S.C. § 3161(h)(1)(F) & (J). The parties may need time to object to this court's report and recommendation on the motion, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on the suppression issue. The Court finds that all of this could not take place before the August 28, 2008 trial date or in less than five months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the defendant's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **January 13, 2009**. The Court also finds, and the parties agreed, that all the time between the August 19, 2008 hearing and the new trial date of January 13, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), -(J), & -(h)(8)(A)-(B). The defendant's oral motion to late-file a suppression motion is also **GRANTED**. With regard to further scheduling, defense counsel has until August 22, 2008, to file the suppression motion. The government has until September 5, 2008, to respond to the motion. A motion hearing before the undersigned is set for September 15, 2008, at 9:30 a.m., at

which time the Court will take up the suppression motion.

Accordingly, it is ordered:

(1) The defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 13, 2009**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **August 19, 2008** hearing, and the new trial date of **January 13, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The defendant's oral motion to late-file a suppression motion is **GRANTED**. Defense counsel has until **August 22, 2008**, to file a suppression motion;

(5) The government shall respond to any motions by **September 5, 2008**; and

(6) A motion hearing before the undersigned is set for **September 15, 2008, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

　　　　　　　　　　　　　　　s/ C. Clifford Shirley, Jr.
　　　　　　　　　　　　　　　United States Magistrate Judge